UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>    Petitioner,<br><br>  v.<br><br>GENA JONES, et al.,<br><br>    Respondent. | No. 2:23-cv-0383 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion to proceed in forma pauperis. Petitioner complains that respondents are denying him Halal meals in violation of his First Amendment rights to freedom of religion. For relief, petitioner seeks an order requiring respondents to provide those meals.

  Petitioner's allegations are not cognizable in a federal habeas case. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action ... is the proper method of challenging 'conditions of ... confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser, 411 U.S. at 484, 498-99); see also Nelson v. Campbell, 541 U.S. 637, 643

(2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ...; requests for relief turning on circumstances of confinement may be presented in a § 1983 action). Petitioner does not challenge the legality or duration of his custody. Petitioner's allegation that he is being denied Halal meals is a challenge to the conditions of his confinement and should be raised, if at all, in a civil rights action.

The court may, in appropriate circumstances, convert a habeas petition to a civil rights action under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). This court finds it would be inappropriate to convert this case because there are several significant differences between a habeas corpus proceeding and a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $402 and under the Prisoner Litigation Reform Act the inmate is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the inmate's trust account. See 28 U.S.C. 1915(b)(1). An inmate who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account if granted in forma pauperis status. Further, court records show that petitioner has been found to be a three-strikes litigant under 28 U.S.C. § 1915(g). See Wolinski v. Allison, No. 2:22-cv-0451 KJM EFB P (Order filed July 15, 2022). To be granted in forma pauperis status in a civil rights action, a three-strikes litigant must demonstrate "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g).

Based on the differences between habeas and civil rights cases, rather than construe the petition as a civil rights action, this court will recommend dismissal without prejudice so that petitioner may assert claims under 42 U.S.C. § 1983 in a new case, if he chooses.

On March 10, petitioner filed a "Request for Clarification." He expresses his concern that documents sent to him by the Clerk of the Court indicate the court is treating his case as a civil

right action under 42 U.S.C. § 1983.  That is not the case.  The documents provided to petitioner are simply those provided to every incarcerated litigant bringing a civil case.  A petition for a writ of habeas corpus brought by a state prisoner is considered a civil case.  Harris v. Nelson, 394 U.S. 286, 293 (1969) ("habeas corpus proceedings are characterized as 'civil'").  That said, for the reasons set forth above, this court now finds the claims raised by petitioner should be brought in a civil rights action, not a habeas corpus petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is denied as moot;

2. To the extent petitioner simply requests clarification of documents provided to him by the Clerk of the Court, that request (ECF No. 5) is granted.  As explained above, actions by the Clerk of the Court did not classify this case as a civil rights action.

3. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that this case be dismissed without prejudice to its renewal, if at all, as a civil rights action under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 20, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Habeas/S/woli0383.scrn fr

3